IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

IN RE TUT SYSTEMS, INC. SECURITIES LITIGATION

No. C 01-2659 CW

ORDER DENYING MOTION FOR PAYMENT OF DAMAGES AND MOTION TO AWARD ATTORNEYS' FEES

/

In 2004, this class action settled. Horacio Yusty, Andres Jaramillo and Rodrigo Jaramillo contend that, although they were named Plaintiffs in the original complaint, they did not receive notice of the settlement, nor did they receive their share of the settlement proceeds. They seek undisclosed damages and sanctions against the law firm of Lerach Coughlin Stoia Geller Rudman & Robbins LLP, whom the Court appointed as co-lead counsel. Bruce G. Murphy, who purports to represent Messrs. Yusty and Jaramillo, seeks to recover attorneys' fees that he contends Lerach Coughlin

owes him.[1] Lerach Coughlin opposes the motions. The hearing scheduled for June 21, 2007 is vacated and the matter is submitted on the papers. Having considered the papers filed by the parties, the Court denies both motions.

## BACKGROUND

In late 2000 or early 2001, Mr. Murphy contacted Dave Walton, a Lerach Coughlin partner, who at the time was a partner at Milberg Weiss Bershad Hynes & Lerach LLP,[2] about a potential securities fraud case against Tut Systems, Inc. After Mr. Murphy's clients, Messrs. Yusty and Jaramillo, had purchased Tut Systems stock, the price of the stock had dropped. Mr. Murphy believed that, based on his investigation, the price drop may have resulted from violations of federal securities law. The price of Tut Systems' stock dropped even more after Mr. Murphy met with Mr. Walton, who conducted his own investigation into whether a cause of action existed.

Mr. Murphy contacted Mr. Walton again, informing him that his clients were interested in filing a lawsuit against Tut Systems. For referring his clients to Milberg Weiss, Mr. Murphy expected a referral fee. According to Mr. Murphy, Milberg Weiss had previously agreed to pay him ten percent of any court-approved fees it received in cases in which he referred a client to Milberg

---

[1] Mr. Murphy states that he is licensed to practice before the courts of the Commonwealth of Virginia. He is not admitted to appear in this Court, nor has he filed a motion to appear pro hac vice. According to the pleadings, he appears pro se.

[2] On May 1, 2004, certain lawyers at Milberg Weiss withdrew from the partnership and formed Lerach Coughlin. The lawyers who worked on the Tut Systems Security Litigation all joined Lerach Coughlin and continued to represent the Lead Plaintiffs and settlement class.

2

1  Weiss.  Mr. Murphy claims that Milberg Weiss has paid him a ten
2  percent referral fee in at least sixteen previous cases.  Mr.
3  Walton states that he did not agree to pay Mr. Murphy any type of
4  fee and was not aware of a pre-existing fee arrangement with Mr.
5  Murphy.  William Lerach also states that he did not agree, nor was
6  there a pre-existing arrangement, that Mr. Murphy would receive a
7  ten percent referral fee.

8   Milberg Weiss decided to bring a lawsuit against Tut Systems.
9  Mr. Walton drafted a complaint and then sent it to Mr. Murphy for
10 his clients to review.  Mr. Walton did not have direct contact with
11 Mr. Murphy's clients, nor did he have their contact information.
12 Mr. Murphy's clients approved the complaint, and Milberg Weiss
13 filed the complaint on their behalf; the complaint listed  Mr.
14 Murphy and attorneys at Milberg Weiss as co-counsel.

15  Six other cases were filed against Tut Systems.  Milberg Weiss
16 was co-counsel on five of those six cases.  The Court consolidated
17 all seven cases.  On December 12, 2001, the Court appointed Mark
18 Krist and Robin Avery as Lead Plaintiffs.  Because Mr. Murphy's
19 clients each had purchased only one hundred shares of Tut Systems'
20 common stock, they were not considered for Lead Plaintiff
21 positions.  The Court also appointed the law firms of Milberg Weiss
22 and Weiss & Yourman as co-lead counsel.  Mr. Murphy claims that,
23 after Milberg Weiss was appointed as co-lead counsel, it cut him
24 off the service list.  His name, however, still appears on the ECF
25 docket sheet as an "Attorney to be noticed."

26  In late 2003, this case settled.  On February 24, 2004, the
27 Court granted preliminary approval of the settlement agreement and

28                                    3

approved a notice program.  Three months later, the Court approved a ten million dollar settlement, awarded attorneys' fees to co-lead counsel in the amount of twenty-five percent of the settlement and entered final judgment.  Messrs. Yusty and Jaramillo claim that they never received notice of the settlement.  Nor did Mr. Murphy receive any compensation.

In October, 2006, after his clients contacted him to inquire as to the status of the case, Mr. Murphy contacted Mr. Walton, who told him about the settlement.

Mr. Murphy claimed that he was entitled to ten percent of the legal fees awarded to Lerach Coughlin by the Court.  Lerach Coughlin responded that it found his belated request for attorneys' fees "surprising," especially because Mr. Murphy's clients had no involvement in the case other than filing the initial complaint and Mr. Murphy had performed no work to further the prosecution or settlement of the case.  In January, 2007, after Mr. Murphy stated that he intended to file a motion with this Court to recover his referral fee, Lerach Coughlin offered to pay him $15,000.  Mr. Murphy refused the offer.[3]

On April 10, 2007, Mr. Murphy called the claims administrator about making claims for his three clients.  The administrator informed him that there was money remaining in the settlement

---

[3] Lerach Coughlin's letter noted that Mr. Murphy had previously accepted a $15,000 referral fee in connection with the Smart Modular securities litigation.  There, Mr. Murphy also claimed that he was owed ten percent of the fee award under a referral fee arrangement.  He filed a motion for an order directing Milberg Weiss to pay him a referral fee.  The motion was denied without prejudice to Mr. Murphy bringing a separate action on his contract claim.

4

account and that, if his clients submitted claim forms, the administrator would promptly review the forms. To date, no claim forms have been filed on behalf of Messrs. Yusty and Jaramillo.

On May 7, 2007, almost three years after the Court entered final judgment in this case, Mr. Murphy filed these two motions, requesting that the Court order Lerach Coughlin to pay damages and sanctions to Messrs. Yusty and Jaramillo and to pay Mr. Murphy, with interest, ten percent of the Court-approved attorneys' fee that it received in this litigation.

                                DISCUSSION

I.  Motion for payment of damages and imposition of sanctions

Mr. Murphy purports to bring this motion on behalf of his clients. As noted above, however, Mr. Murphy is not admitted to practice before this Court and has not filed a motion to appear pro hac vice; according to the pleadings, he appears pro se. The Ninth Circuit instructs that "a litigant appearing in propria persona has no authority to represent anyone other than himself." Russell v. United States, 308 F.2d 78, 79 (9th Cir. 1962). Therefore, the Court need not, indeed cannot, address the motion's merit. The motion is denied without prejudice.

II. Motion to compel Lerach Coughlin to allocate attorneys' fees

The Court's order awarding attorneys' fees and expenses in this action provides, "Such fees and expenses shall be allocated among Plaintiffs' Settlement Counsel in a manner which, in their good-faith judgment, reflects each such counsel's contribution to the institution, prosecution and resolution of the Litigation." According to Lerach Coughlin, the fees were distributed in

5

accordance with the Court's order. No fees were awarded to Mr. Murphy because he did nothing more than contact Mr. Walton, review the complaint drafted by Milberg Weiss and forward the draft complaint to his clients for review and approval. His involvement in the case stopped in December, 2001. Then he seemingly forgot about this case until October, 2006, when his clients contacted him to inquire about the status of the case.

As explained in In re Cendant Corp. Securities Litigation, 404 F.3d 173, 197 (3d Cir. 2005), under the Private Securities Litigation Reform Act, "only attorneys whose efforts create, discover, increase, or preserve the class's ultimate recovery will merit compensation from that recovery." Simply filing a securities fraud complaint rarely warrants compensation. See id. Here, Mr. Murphy provides no evidence that any of his actions created, discovered, increased or preserved the class's ultimate recovery. He did not even draft the original complaint; he just reviewed it and passed it along to his clients. He claims no expenses, other than those he has incurred since he discovered in October, 2006 that this case settled. See In re Versata, Inc. Sec. Litig., 2003 U.S. Dist. LEXIS 26578 (N.D. Cal.) (denying attorneys' fees to firms which were not lead counsel but granting their expenses for the filing fee and publishing a notice of it on Business Wire).

Even if there was a ten percent referral fee agreement in place, which Lerach Coughlin denies, under the Court's order, Mr. Murphy would not be entitled to the $200,000 he seeks merely for referring three clients, who did not suffer sufficient losses to become lead plaintiffs, and then reviewing and passing on a draft

6

complaint. As Mr. Murphy acknowledges in his motion, courts may give deference to lead counsel's allocation of fees. <u>Cendant Corp. Sec. Litig.</u>, 404 F.3d at 197. The Court defers to Lerach Coughlin's decision not to allocate any attorneys' fees to Mr. Murphy.

    Mr. Murphy's motion is denied.

## CONCLUSION

    For the foregoing reasons, the Court DENIES WITHOUT PREJUDICE Horacio Yusty, Andres Jaramillo and Rodrigo Jaramillo's motion for payment of damages and imposition of sanctions and DENIES Mr. Murphy's motion to compel Lerach Coughlin to allocate attorneys' fees to him (Docket No. 116).

    IT IS SO ORDERED.

Dated: 6/13/07

CLAUDIA WILKEN  
United States District Judge

7