IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

IN RE TUT SYSTEMS, INC. SECURITIES LITIGATION

_____/

No. C 01-2659 CW

AMENDED ORDER DENYING MOTION FOR ENTRY OF AN ALL WRITS INJUNCTION

Lead class counsel Coughlin Stoia Geller Rudman & Robbins, LLP moves for entry of an injunction prohibiting Bruce Murphy from pursuing his claims in Florida state court for recovery of ten percent of the fee the Court awarded Coughlin Stoia as part of the settlement of this securities fraud action. Mr. Murphy opposes the motion. The matter was taken under submission on the papers. Having considered all of the papers submitted by the parties, the Court denies Coughlin Stoia's motion.

BACKGROUND

In late 2000 or early 2001, Mr. Murphy contacted Dave Walton, a Coughlin Stoia partner, who at the time was a partner at Milberg

1  Weiss Bershad Hynes & Lerach LLP, about a potential securities
2  fraud case against Tut Systems, Inc.  After Mr. Murphy's clients,
3  Horacio Yusty, Andres Jaramillo and Rodrigo Jaramillo, had
4  purchased Tut Systems stock, the price of the stock had dropped.
5  Mr. Murphy believed that, based on his investigation, the price
6  drop may have resulted from violations of federal securities law.
7  The price of Tut Systems' stock dropped even more after Mr. Murphy
8  met with Mr. Walton, who conducted his own investigation into
9  whether a cause of action existed.
10       Mr. Murphy contacted Mr. Walton again, informing him that his
11 clients were interested in filing a lawsuit against Tut Systems.
12 For referring his clients to Milberg Weiss, Mr. Murphy expected a
13 referral fee.  According to Mr. Murphy, Milberg Weiss had
14 previously agreed to pay him ten percent of any court-approved fees
15 it received in cases in which he referred a client to Milberg
16 Weiss.  Mr. Walton has stated that he did not agree to pay Mr.
17 Murphy any type of fee and was not aware of a pre-existing fee
18 arrangement with Mr. Murphy.  William Lerach, another Milberg Weiss
19 partner at the time, has also stated that he did not agree, nor was
20 there a pre-existing arrangement, that Mr. Murphy would receive a
21 ten percent referral fee.
22       Milberg Weiss decided to bring a lawsuit against Tut Systems.
23 Mr. Walton drafted a complaint and sent it to Mr. Murphy for his
24 clients to review.  Mr. Walton did not have direct contact with Mr.
25 Murphy's clients, nor did he have their contact information.  Mr.
26 Murphy's clients approved the complaint, and Milberg Weiss filed
27 the complaint on their behalf; the complaint listed  Mr. Murphy and
28 attorneys at Milberg Weiss as co-counsel.

Six other cases were filed against Tut Systems. Milberg Weiss was co-counsel on five of those six cases. The Court consolidated all seven cases. On December 12, 2001, the Court appointed Mark Krist and Robin Avery as Lead Plaintiffs. Because Mr. Murphy's clients each had purchased only one hundred shares of Tut Systems common stock, they were not considered for Lead Plaintiff positions. The Court also appointed the law firms of Milberg Weiss and Weiss & Yourman as co-lead counsel.

In late 2003, this case settled. On February 24, 2004, the Court granted preliminary approval of the settlement agreement and approved a notice program. Three months later, the Court approved a ten million dollar settlement, awarded attorneys' fees to co-lead counsel in the amount of twenty-five percent of the settlement and entered final judgment. The Court's order awarding attorneys' fees and expenses provided, "Such fees and expenses shall be allocated among Plaintiffs' Settlement Counsel in a manner which, in their good-faith judgment, reflects each such counsel's contribution to the institution, prosecution and resolution of the Litigation."

In May, 2004, certain lawyers at Milberg Weiss withdrew from the partnership and formed a new firm that was subsequently renamed as Coughlin Stoia. The lawyers who worked on the Tut Systems Security Litigation all joined the new firm and continued to represent the Lead Plaintiffs and settlement class. Coughlin Stoia distributed the Court-awarded attorneys' fees in accordance with the Court's order. No fees were awarded to Mr. Murphy because he did nothing more than contact Mr. Walton, review the complaint drafted by Milberg Weiss and forward the draft complaint to his clients for review and approval. His involvement in the case ended

3

in December, 2001.

In October, 2006, after his clients contacted him to inquire as to the status of the case, Mr. Murphy contacted Mr. Walton, who told him about the settlement.  Mr. Murphy claimed that he was entitled to ten percent of the legal fees awarded to Coughlin Stoia by the Court.  Coughlin Stoia responded that it was surprised by Mr. Murphy's belated request for attorneys' fees because his clients had no involvement in the case other than filing the initial complaint and he had performed no work to further the prosecution or settlement of the case.  In January, 2007, after Mr. Murphy stated that he intended to file a motion with this Court to recover his referral fee, Coughlin Stoia offered to pay him $15,000.  Mr. Murphy refused the offer.

On May 7, 2007, almost three years after the Court entered final judgment in this case, Mr. Murphy moved for an order directing Coughlin Stoia to pay him ten percent of the Court-approved fee award the firm received in this litigation.  The Court denied Mr. Murphy's motion because, under the Private Securities Litigation Reform Act (PSLRA), "only attorneys whose efforts create, discover, increase, or preserve the class's ultimate recovery will merit compensation from that recovery."  In re Cendant Corp. Sec. Litig., 404 F.3d 173, 197 (3d Cir. 2005).  The Court found that Mr. Murphy had provided no evidence that any of his actions created, discovered, increased or preserved the class' ultimate recovery.  The Court noted that Mr. Murphy did not draft the original complaint, but rather simply reviewed it and passed it along to his clients.  He then apparently forgot about this case until October, 2006, when his clients contacted him to inquire

4

about its status.  With respect to the alleged referral fee agreement, the Court stated:

> Even if there was a ten percent referral fee agreement in place, which [Coughlin Stoia] denies, under the Court's order, Mr. Murphy would not be entitled to the $200,000 he seeks merely for referring three clients, who did not suffer sufficient losses to become lead plaintiffs, and then reviewing and passing on a draft complaint.  As Mr. Murphy acknowledges in his motion, courts may give deference to lead counsel's allocation of fees.  The Court defers to [Coughlin Stoia's] decision not to allocate any attorneys' fees to Mr. Murphy.

Docket No. 127 at 6-7 (citation omitted).

Mr. Murphy appealed the Court's decision to the Ninth Circuit. While the appeal was pending, he filed an action in Florida state court asserting claims for breach of contract, fraud and unjust enrichment against Coughlin Stoia.[1]  The contract and fraud claims are based on Coughlin Stoia's failure to abide by its alleged agreement to pay Mr. Murphy a ten percent referral fee.  The unjust enrichment claim is based on Mr. Murphy's contention that Coughlin Stoia received a financial benefit from his referral but failed to compensate him.

On March 19, 2009, the Ninth Circuit denied Mr. Murphy's appeal in a memorandum disposition.  The Ninth Circuit agreed with this Court that Mr. Murphy did not deserve compensation based on any work he had done before the appointment of Lead Plaintiffs because there was scant evidence "that any of his actions created, increased, or preserved the class's ultimate recovery."  In re Tut Systems, Inc. Sec. Litig., 2009 WL 725104, at *1 (9th Cir. 2009).

---

[1] The complaint also asserted a claim for an accounting, which is more appropriately characterized as a remedy for the alleged fraud, breach of contract and unjust enrichment, as well as a claim for "anticipatory breach of contract."

5

The Ninth Circuit further found that the Court was not required to alter its award of fees based on Mr. Murphy's referral of his clients to Coughlin Stoia, "[w]hatever the merits of Murphy's arguments as a contract claim." Id. As for the contract claim, the Ninth Circuit stated in a footnote:

> Given the posture of the case, the district court treated Murphy's claim simply as a motion for attorneys' fees relying on the referral, rather than a formal breach of contract action. We do the same. Relatedly, we grant Class Counsel's motion for judicial notice of the fact that Murphy has initiated breach of contract proceedings in state court in Florida. We take notice only of the fact that the action has been filed, and not of any of the underlying factual allegations. The outcome of these proceedings should have no effect on the merits of that action.

Id. at *1 n.1.

## DISCUSSION

The All Writs Act and the Anti-Injunction Act specify when a federal court may enjoin pending litigation in state court. The All Writs Act provides that federal courts may "issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651. However, the Anti-Injunction Act limits this broad authority, providing that a federal court "may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283. "In the interest of comity and federalism, the exceptions must be strictly construed." G.C. and K.B. Invs., Inc. v. Wilson, 326 F.3d 1096, 1107 (9th Cir. 2003). "[D]oubts as to the propriety of a federal injunction against state court proceedings should be resolved in favor of permitting the state

6

courts to proceed in an orderly fashion to finally determine the controversy."  Id. (quoting Atl. Coast Line R.R. Co. v. Bhd. of Locomotive Eng'rs, 398 U.S. 281, 297 (1970)) (alteration in Wilson).

Coughlin Stoia argues that Mr. Murphy would be properly enjoined under either the second or third exception in the Anti-Injunction Act.  The third exception -- for injunctions that "protect or effectuate" a federal court's judgments -- is also known as the "relitigation exception."  It "was designed to permit a federal court to prevent state litigation of an issue that previously was presented to and decided by the federal court" and "is founded in the well-recognized concepts of res judicata and collateral estoppel."  Choo v. Exxon Corp., 486 U.S. 140, 147 (1988).  "A district court may properly issue an injunction under the relitigation exception if there could be an actual conflict between the subsequent state court judgment and the prior federal judgment.  Even if no actual conflict is possible, an injunction could still be proper if res judicata would bar the state court proceedings."  Wilson, 326 F.3d at 1107.

The relitigation exception does not apply here because the Florida court's decision will not conflict with this Court's decision on the issue of attorneys' fees.  The Court decided that, under the PSLRA, Mr. Murphy was not entitled to share in the attorneys' fees previously awarded by the Court.  The Court did not rule on the merits of any claim that Mr. Murphy is entitled to a referral fee as a matter of contract law, and no complaint asserting a cause of action for breach of contract was ever filed. With respect to the alleged agreement between Mr. Murphy and

7

1  Coughlin Stoia, the Court ruled only that the existence of an
2  agreement would not compel the Court to award fees to Mr. Murphy.
3  This ruling will not be called into question by the Florida state
4  court's resolution of Mr. Murphy's claims.
5      Moreover, the Ninth Circuit explicitly noted that no contract
6  claim was before it and stated that the outcome of Mr. Murphy's
7  appeal should have no effect on the merits of his state court
8  action.  Although Coughlin Stoia has cited some out-of-circuit
9  cases supporting its position that Mr. Murphy should be precluded
10 from pursuing his state court action, the Ninth Circuit has ruled
11 in this very case that the issues being litigated in Florida are
12 distinct from those that were presented on Mr. Murphy's previous
13 motion.  The proceedings here may well have a preclusive effect in
14 the state court action, but that is not certain.  Because any
15 doubts concerning the propriety of the requested injunction must be
16 resolved in favor of permitting the Florida action to proceed, the
17 preferred approach here is to permit the Florida state court to
18 determine the preclusive effect, if any, of the ruling on Mr.
19 Murphy's previous motion.
20     For similar reasons, the Court finds that the Anti-Injunction
21 Act's exception for injunctions "necessary in aid of" the Court's
22 jurisdiction does not apply.  This exception permits a court to
23 enjoin state litigation when doing so is "necessary to prevent a
24 state court from so interfering with a federal court's
25 consideration or disposition of a case as to seriously impair the
26 federal court's flexibility and authority to decide that case."
27 Atl. Coast Line, 398 U.S. at 294.  Although the Court has
28 jurisdiction to determine the appropriateness of an award of

8

attorneys' fees under the PSLRA and the Federal Rules of Civil Procedure, the Florida court's adjudication of Mr. Murphy's claims would not, as Coughlin Stoia contends, "nullify" the Court's decision that a fee award of twenty-five percent of the common fund was appropriate or its decision that Mr. Murphy was not entitled under applicable federal law to share in the fee award.  The proceedings in Florida will only determine whether, under Florida law, Mr. Murphy is entitled pursuant to the alleged referral agreement to share in a portion of the funds kept by Coughlin Stoia.

## CONCLUSION

For the foregoing reasons, the Court DENIES Coughlin Stoia's motion for an injunction prohibiting Mr. Murphy from proceeding with his claims in Florida state court (Docket No. 138).

IT IS SO ORDERED.

Dated: 5/21/09

CLAUDIA WILKEN
United States District Judge